**IN THE COURT OF APPEALS OF IOWA**

No. 23-0270
Filed June 7, 2023

**IN THE INTEREST OF J.W. and M.W.,**
**Minor Children,**

**A.L., Mother,**
  **Appellant.**
_____

  Appeal from the Iowa District Court for Black Hawk County, David Staudt, Judge.

  A mother appeals an order terminating her parental rights to two children. **AFFIRMED.**

  Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant mother.

  Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

  Kelly Jo Smith of the Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor child.

  Considered by Vaitheswaran, P.J., and Ahlers and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals an order terminating her parental rights to twins, born in 2021. She putatively challenges the evidence supporting the grounds for termination cited by the district court. She also contends the district court should not have terminated her parental rights based on the fact that a relative had custody of the children and based on the claimed bond she shared with them.

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) and (h) (2022). The mother appears to argue that she maintained significant and meaningful contact with the children, precluding termination under section 232.116(1)(e). She does not challenge the evidence supporting termination under Iowa Code section 232.116(1)(h), which requires proof of several elements including proof a child cannot be returned to parental custody. Accordingly, we could affirm on the unchallenged ground. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (finding it unnecessary to discuss the grounds for termination where the father did not challenge them). We elect to address the evidence supporting termination under the challenged ground.

The mother tested positive for marijuana and methamphetamine when she delivered the twins. The children were discharged from the hospital to the home of their maternal grandmother, where the mother had been living. The mother initially followed a safety plan implemented by the Iowa Department of Health and Human Services. Approximately two months after the children's birth, the grandparents reported that the mother left the home and was found at another home with bruises all over her face. The grandparents surmised she had been beaten. Later the same day, the mother came to the grandparents' home in a state

of heightened anxiety and said she planned to leave the State with the children. Police were called. They took her to a hospital after she threatened to harm herself.

The department applied to have the children temporarily removed. The district court granted the application. The parents stipulated to continued temporary removal of the children as well as their adjudication as children in need of assistance. Care, custody, and control of the children was placed with the grandparents.

The mother, who was on parole, regularly met with her parole officer and, for a period of time, tested negative for illicit drugs. Six months after the children's birth, she stopped visiting them despite "the opportunity to be with them on a daily basis." Although she briefly reinitiated contact, she curtailed visits and other reunification services in mid-July 2022, following the issuance of an arrest warrant which, according to the department, was for "[v]iolations of her probation." While she attended the children's one-year birthday party in November 2022, she did not appear at the termination hearing the next month. Her attorney informed the court he had not had any contact with her for five months.

The mother was arrested and incarcerated before the termination order was filed. Shortly thereafter, the State applied to have the children removed from the grandparents' custody after marijuana and guns were found in their home. Approximately one hour before filing the termination order, the district court transferred care, custody, and control of the children to the department for placement in foster care.

On our de novo review of the record, we conclude the mother did not have significant and meaningful contact with the children. *See* Iowa Code § 232.116(1)(e)(3) ("'[S]ignificant and meaningful contact' includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life."); *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) (finding clear and convincing evidence to support termination under Iowa Code section 232.116(1)(e) where the father "had ample opportunity to meet with and participate in [the child's] life during the relevant six-month period . . . [but] made very little effort to become part of [the child's] life").

We turn to the "relative custody" and parent-child bond exceptions to termination. *See* Iowa Code § 232.116(3)(a), (c). Although the grandparents had custody of the children at the time of the termination hearing, the mother's absence from the children's lives for the six months preceding the termination hearing served as grounds for declining to invoke the relative exception, especially in light of the department's recommendation to proceed with termination. *See In re A.S.*, 906 N.W.2d 467, 476-77 (Iowa 2018) (giving weight to the testimony of the department case manager). As for the mother's claimed bond with the children, she made scant effort to foster the relationship in the six months preceding the termination hearing. For these reasons, the court appropriately declined to invoke the exceptions.

We affirm the termination of the mother's parental rights to the children.

**AFFIRMED.**